# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

IN RE:                                    )        Case No. CV410-248
ANTHONY ANTERIO SMITH          )

## ORDER

Anthony Anterio Smith, currently confined at the Chatham County Detention Center, mailed a letter to the United States District Court for the Northern District of Georgia, where the clerk docketed it as a 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) It was subsequently transferred to this District, which is where he is confined and where the events referenced in the letter occurred. (Doc. 2.)

Smith asks the Court to help him identify certain police officers, United States Marshals, and other unidentified law enforcement officers who used excessive physical force upon him at the time of his October 17, 2008 arrest and then denied him prompt access to necessary medical care. (Doc. 1 at 1, 3.) He has not, however, filed a formal complaint, paid the

Court's filing fee, or moved to proceed *in forma pauperis*.[1]

Assuming that Smith wishes to identify the offending officers and pursue a § 1983 claim against them, a letter to this Court is not the proper method for seeking such relief. *See In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (if a person seeks judicial intervention of any sort, he must properly file a lawsuit rather than submitting a personal letter to a judge). Normally, a person in such a situation would file suit against "John Doe" or "Jane Doe" officers and obtain their actual names through discovery. Smith, however, would gain little from filing such a suit now, since his claim is clearly barred by the two-year limitations period applicable in § 1983 actions in the state of Georgia. *Brown v. Lewis*, 361 F. App'x 51, 54-55 (11th Cir. 2010); *Mullinax v. McElhenney*, 817 F.2d 711, 715-16 n.2 (11th Cir. 1987); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two year period set forth

---

[1] Filing fees vary depending on the type of claim being made, but indigent detainees may file pleadings without prepayment of the filing fee if they proceed *in forma pauperis* under 28 U.S.C. § 1915. Detainees, unlike other indigents, are always required to pay the filing fee, but they may do so over time rather than paying the entire cost up-front. 28 U.S.C. § 1915(b)(1).

in O.C.G.A. § 9-3-33 for personal injuries.").

Nevertheless, the Clerk is **DIRECTED** to attach this District's standard § 1983 form complaint and the form for requesting leave to proceed *in forma pauperis* to Smith's service copy of this Order. He shall have thirty days from the date of this Order to submit the complaint and either pay the filing fee or submit a motion to proceed *in forma pauperis*. If he does not respond, this case will be dismissed.

**SO ORDERED** this _1st_ day of November, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA