UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY ANTERIO SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-248 |
| | ) | |
| LIETENANT MIKE WILSON, OFFICER | ) | |
| JOHN DOE 1-14; OFFICER JANE DOE 1, | ) | |
| DETECTIVE KELVIN FRAZIER, and | ) | |
| DETECTIVE ALEXANDER TOBAR, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On October 26, 2010, the Court received a letter from inmate-plaintiff Anthony Anterio Smith asking the Court to help him identify law enforcement personnel who allegedly used excessive physical force upon him during his October 17, 2008 arrest and then denied him prompt access to necessary medical care. (Doc. 1 at 1, 3.) The Court advised Smith that such letters are inappropriate; he could submit a 42 U.S.C. § 1983 form complaint naming John and Jane Doe officers and attempt to uncover their identities through discovery. (Doc. 4.) Smith returned a form complaint

and motion to proceed *in forma pauperis*, but the Clerk mistakenly filed the documents under a new case number. *Smith v. Wilson*, No. CV410-278, docs. 1 & 2 (S.D. Ga. Nov. 29, 2010). The Clerk is therefore **DIRECTED** to file the documents in *this* case and to close CV410-278.

Since it appears that Smith cannot afford to pay the Court's filing fee, his motion to proceed *in forma pauperis*, CV410-278, doc. 2, is **GRANTED**. Smith's case, however, should be **DISMISSED**, since the claims raised in his November 15, 2010 complaint occurred on October 16-17, 2008 and are therefore barred by the two-year limitations period applicable to § 1983 actions in the state of Georgia.[1] *Brown v. Lewis*, 361 F. App'x 51, 54-55 (11th Cir. 2010); *Mullinax v. McElhenney*, 817 F.2d 711, 715-16 n.2 (11th Cir. 1987); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986)

---

[1] The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). Untimely claims fail to state a claim for relief and are subject to dismissal under § 1915A. *Hammonds v. Mark Shellnut, LLC*, 2010 WL 3958753 at *1 (11th Cir. Oct. 12, 2010). Here, the Court advised plaintiff that his claims were time barred and subject to dismissal in its November 1, 2010 order, but he still submitted the instant complaint. (Doc. 4 at 2-3.)

("the proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). Moreover, this case should count as a "strike" under 28 U.S.C. § 1915(g).

**SO REPORTED AND RECOMMENDED** this <u>2nd</u> day of December, 2010.

　　　　　　　　　　　　　　　　/s/ Smith
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
　　　　　　　　　　　　　　　　SOUTHERN DISTRICT of GEORGIA